849 F.2d 452
 In re ALL ASBESTOS CASES.
Palmroy P.K. BUSH, Plaintiff,
v.
EAGLE-PICHER INDUSTRIES, INC., et al.,
Defendants/Third-Party- Plaintiffs/Appellees,
v.
UNITED STATES of America, Third-Party-Defendant/Appellant.
 No. 87-2336.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 13, 1988.
Decided June 17, 1988.
 
 David S. Fishback, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for appellant U.S.
 Joe G. Hollingsworth, Paul G. Gaston, Gary I. Rubin, Spriggs, Bode & Hollingsworth, Washington, D.C., for appellee Eagle-Picher Industries, Inc.
 Harvey G. Sherzer, Robert M. Bruskin, James F.C. Worrall, Howrey & Simon, Washington, D.C., for amicus curiae Johns-Manville Sales Corp.
 Appeal from the United States District Court for the District of Hawaii.
 Before SCHROEDER, NOONAN and O'SCANNLAIN, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 This case, which at bottom involves serious questions of liability for asbestos, goes off on a jurisdictional question. The result is determined by United States v. Hohri, --- U.S. ----, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). As the case involves a permutation of Hohri, we publish the opinion.
 
 
 2
 In 1980 Eagle-Picher Industries, Inc. (Eagle-Picher) and other manufacturers of products that contained asbestos were sued in tort by plaintiffs who alleged that they had incurred injuries from exposure to the products at Pearl Harbor Naval Shipyard. In re All Asbestos Cases, 603 F.Supp. 599, 602 (D.Hawaii 1984). In 1981 Eagle-Picher and two manufacturers in turn brought third party actions against the United States. Jurisdiction in these suits was predicated on the ancillary and/or pendent jurisdiction in the plaintiff's asbestos suit and as to several counts jurisdiction was predicated on the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), and as to several other counts on the Little Tucker Act, 28 U.S.C. Sec. 1346(a)(2).
 
 
 3
 In 1984 the district court dismissed the Little Tucker Act claims. In re All Asbestos Cases, 603 F.Supp. 599 (D.Hawaii 1984). At the same time, against the motion of the government to dismiss, the district court upheld one of Eagle-Picher's claims under the Federal Tort Claims Act. The district court subsequently denied two motions of the United States for reconsideration of the latter ruling. On April 6, 1987, the district court granted the government's motion to certify the Federal Tort Claims Act issue, involving the application of both federal and Hawaii worker's compensation provisions, for interlocutory appeal.
 
 
 4
 The United States' first petition to this court for permission to appeal was dismissed without prejudice as untimely, and the district court entered a recertification order. Because the Supreme Court by that time was considering Hohri, the United States then filed a petition for permission to appeal both with this court and the Federal Circuit. On July 7, 1987, a motions panel of this court granted the petition and at the same time denied the government's motion to transfer to the Federal Circuit. In the light of the action by our court, the Federal Circuit on September 10, 1987 denied the government's petition for permission to appeal. We now reconsider our jurisdiction.
 
 Analysis
 
 5
 Under 28 U.S.C. Sec. 1292(c) the Federal Circuit has "exclusive jurisdiction" of an appeal from an interlocutory order "in any case" over which the court would have jurisdiction of a final appeal under section 1295. Jurisdiction of an interlocutory appeal is thus dependent on the statute governing final appeals. Under section 1295(a) the Federal Circuit has jurisdiction of an appeal from a final decision of a district court "if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title." If the jurisdiction was based both on the Federal Tort Claims Act and the Little Tucker Act the statute still applies and jurisdiction is exclusively in the Federal Circuit. United States v. Hohri, --- U.S. ----, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987).
 
 
 6
 Eagle-Picher attempts to distinguish Hohri on the ground that although Eagle-Picher asserted jurisdiction in the district court in part under the Little Tucker Act, that claim has been dismissed. But this dismissal is still open to appeal. More fundamentally, section 1295(a) makes the jurisdiction of the Federal Circuit dependent not on the claim currently before an appellate court but on the jurisdiction of the district court at the time the case was brought before the district court. Moreover, section 1292, addressed to interlocutory appeals, speaks in terms of "any case" in which the Federal Circuit would have had jurisdiction under section 1295. We are not, therefore, at liberty to consider the federal tort claim by itself. Jurisdiction of the district court in this case is dependent in part on the Little Tucker Act. Jurisdiction of any appeal is, therefore, in the Federal Circuit.
 
 
 7
 The objections that Eagle-Picher raises as to the appropriateness of state tort law being decided by a regional circuit court have all been met by Hohri, 107 S.Ct. at 2252-53. We accordingly hold that this court is without jurisdiction to entertain this appeal.
 
 
 8
 The government asks, over Eagle-Picher's objection, that we transfer the appeal to the Federal Circuit and let it decide the federal and Hawaii state law issues. In certifying the interlocutory appeal, however, the district court observed that "[t]here is no controlling circuit law on this issue." Eagle-Picher did not oppose certification. It is apparent that when the district court originally certified the interlocutory appeal, appeal to this court was contemplated. We believe that Eagle-Picher should now have an opportunity to argue the appropriateness of an interlocutory appeal to the Federal Circuit and that the district court should have the opportunity to reconsider its order of certification. Accordingly, the previous order of the motions panel is VACATED, the appeal is DISMISSED, and the case is REMANDED to the district court.